# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ERIC QUENTIN MOSS,

    Plaintiff

    v.                                CIVIL ACTION NO. JFM-16-1001

1ST MARINER BANK, et al.,

    Defendants

## MEMORANDUM

Pending before the court is a *pro se* complaint filed by plaintiff Eric Quentin Moss against 1st Mariner Bank ("1st Mariner), Banking Branch and Trust ("BB&T"), Rosenburg and Associates, LLC ("Rosenburg"), and five unnamed "Doe" defendants.[1] Defendants have not been served with process.

### Background

Plaintiff presents a host of common law and statutory claims relating to a mortgage on real property located in Baltimore County at 1941 Winder Road, Windsor Mill, Maryland, 21244 ("the property"). It appears from plaintiff's complaint that one or more of the named defendants is seeking to foreclose on the property.

Plaintiff alleges that on April 19, 2010, he entered into a loan agreement to purchase the property through 1st Mariner. ECF No. 1 at p. 3. 1st Mariner then transferred the deed of trust to BB&T. *Id.* Plaintiff asserts that 1st Mariner did not properly transfer the loan and now it is unclear who is the proper holder of the mortgage. Giving the complaint a generous construction, it includes claims to quiet title and for breach of contract, fraud in inducement, and violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*

---

[1] Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted.

Examination of Maryland's electronic docket reveals that on July 17, 2015, plaintiff initiated a lawsuit against 1st Mariner to quiet title in the Circuit Court for Baltimore County. Defendants' motion to dismiss the complaint has been briefed and remains pending. *See Moss v. 1st Mariner Bank*, Case No. 03C15007637 (Cir. Ct. Balt. Co.). Additionally, on February 13, 2013, defendant Rosenburg moved for foreclosure on the property; a request for writ for possession, filed on March 29, 2016, is pending.[2] *See Rosenburg, et al. v. Moss,* Case No. 03C13001669 (Cir. Ct. Balt. Co.).

## Legal Standards

As the federal court has limited jurisdiction, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 563.

---

[2] Examination of the docket suggests that the mortgage may have been secured by a Veterans' Administration loan.

Under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Moreover, each "averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 - 78 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## Analysis

Both an action to quiet title and a foreclosure proceeding regarding the Winder Road property are pending in state court. The *Younger*[3] abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F. 3d 156, 165 (4th Cir. 2008). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (internal quotation omitted). Here, foreclosure proceedings and an action to quiet title are ongoing in the Circuit Court for Baltimore County, satisfying the first element. The second element is satisfied

---

[3] *See Younger v. Harris*, 401 U.S. 37 (1971).

3

because Maryland has a substantial interest in its property law. *See Harper v. Pub. Serv. Comm'n of W.Va.*, 396 F.3d 348, 352 (4th Cir. 2005) ("[P]roperty law concerns, such as land use and zoning questions, are frequently 'important' state interests justifying *Younger* abstention."); *Fisher v. Fed. Nat. Morg.Ass'n*, 360 F.Supp. 207, 210 (D. Md. 1973). Finally, plaintiff does not raise any federal constitutional claims. Although plaintiff arguably raises a federal claim for violations of TILA, he may raise that claim in the state court proceeding. Furthermore, plaintiff's only plausible federal claim in the instant complaint are for violations of TILA,[4] which may be raised in the ongoing cases pending in the Circuit Court for Baltimore County.

Accordingly, for all the reasons stated above, the complaint, as supplemented, shall be dismissed without prejudice and injunctive relief denied by separate order which follows.

4/6/16
(Date)

J. Frederick Motz
United States District Judge

---

[4] Success on this claim may result only in an award of damages, which would be unaffected by the state foreclosure action. *See, e.g., Rush v. Am. Home Mortg., Inc.*, Civil Action No. WMN-07-CV-0854, 2010 WL 497722, at *2 (D. Md. Feb. 4, 2010) (denying plaintiff's emergency motion for temporary restraining order where there was a pending state foreclosure action); *Lynch v. Snepp*, 472 F.2d 769, 775 (4th Cir. 1973) ("A district court cannot enjoin a state civil proceeding unless it finds that the state proceeding cannot eliminate the threat to the plaintiff's rights."); *Fisher v. Fed. Nat. Morg. Ass'n*, 360 F.Supp. 207, 211-12 (D. Md. 1973) ("the foreclosure of real property in Maryland involves the jurisdiction of and direct participation by a state court.").